1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**
7              **DISTRICT OF NEVADA**
8
9    DELASK PITTMAN,
10          Plaintiff,                          Case No. 3:11-CV-00294-LRH-(VPC)
11   vs.                                        **ORDER**
12   RENEE BAKER, et al.,
13          Defendants.
14
15          Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has
16   submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, a motion asking permission for
17   filing a complaint longer than normal, a motion for consideration of the issues in the complaint, and
18   a motion requesting copies of all filed documents.
19          The court has reviewed the complaint.  Plaintiff will need to file an amended complaint.
20   When a "prisoner seeks redress from a governmental entity or officer or employee of a
21   governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any
22   portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon
23   which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from
24   such relief."  28 U.S.C. § 1915A(b).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides
25   for dismissal of a complaint for failure to state a claim upon which relief can be granted.
26   Allegations of a pro se complainant are held to less stringent standards than formal pleadings
27   drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).
28

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

[A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

In the complaint's two counts, plaintiff does not allege any facts. Instead, plaintiff cites to various treatises and opinions, alleges that he has exhausted his administrative remedies, and uses the word "improper" repeatedly. The court cannot determine from plaintiff's allegations whether any defendant has violated his civil rights.[1]

In plaintiff's motion for consideration of the issues in the complaint, he argues that he has exhausted his administrative remedies; 42 U.S.C. § 1997e(a) requires such exhaustion before he can proceed this action. The motion is premature. Exhaustion of administrative remedies is an affirmative defense that the defendants may raise, and at this point in the proceedings the defendants have not even appeared. See Jones v. Bock, 549 U.S. 199, 211-17 (2007). The court denies this motion.

In plaintiff's motion requesting copies of all filed documents, he asks for the court to send him a copy of everything he files because he has no other way to make photocopies. Nevada prisons make carbon paper available for copies. Administrative Regulation 722. Petitioner has not alleged

---

[1] Plaintiff has attached to the complaint copies of grievances that he had submitted to prison officials. According to those documents, he is unable to make telephone calls because he is not entering a personal identification number correctly. If that is the sole reason behind this action, then defendants have not violated any of plaintiff's civil rights; plaintiff just needs to follow the instructions.

1    how carbon paper is inadequate for him to keep a copy of any pleadings, motions, or responses that

2    he might file.  The court denies this motion.

3         IT IS THEREFORE ORDERED that the clerk of the court shall file the complaint, the

4    motion asking permission for filing a complaint longer than normal, the motion for consideration of

5    the issues in the complaint, and the motion requesting copies of all filed documents.

6         IT IS FURTHER ORDERED that the motion asking permission for filing a complaint longer

7    than normal is **GRANTED**.

8         IT IS FURTHER ORDERED that the motion for consideration of the issues in the complaint

9    is **DENIED**.

10        IT IS FURTHER ORDERED that the motion requesting copies of all filed documents is

11   **DENIED**.

12        IT IS FURTHER ORDERED that the complaint is **DISMISSED** for failure to state a claim

13   upon which relief can be granted, with leave to amend.  The clerk shall send to plaintiff a civil rights

14   complaint form with instructions.  Plaintiff will have thirty (30) days from the date that this order is

15   entered to submit his amended complaint, if he believes that he can correct the noted deficiencies.

16   Failure to comply with this order will result in the dismissal of this action.

17        IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such

18   by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42

19   U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:11-CV-00294-

20   LRH-(VPC), above the word "AMENDED."

21        DATED this 13th day of June, 2011.

22

23   _____

24   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

25

26

27

28